**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DENNIS HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   10-CV-07765 |
| | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1.  This is an action brought by a retired Chicago Police Officer for the purpose of obtaining relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201, *et. seq.* (hereinafter "FLSA") for unpaid overtime compensation, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.  The violations occurred over and during the past three years.

3.  Defendant has willfully violated the FLSA by intentionally failing to pay Plaintiff all compensation due to him under the FLSA and its implementing regulations over the course of the last three years. Defendant administered an unlawful compensation system that failed to provide accurate overtime compensation to Plaintiff.

4.  Since 2006, Plaintiff regularly and routinely performed work defined as a Police Technician and received a D-2 rate of pay for regular non-overtime hours worked. Patrol Officers in the Chicago Police Department receive a lesser D-1 pay grade.

5.  Between 2006 and 2009, plaintiff routinely worked in excess of 171 hours in a 28 day pay period and was therefore entitled to premium pay or compensatory time pursuant to the FLSA.

## JURISDICTION

6. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and, 28 U.S.C. §§1331 and 1337.

7. This court is the proper venue pursuant to 28 U.S.C. §1391(b).

## PARTIES

8. The individual Plaintiff was an employee of Defendant, within the meaning of FLSA §203(e). Plaintiff is an adult resident citizen of the Northern District of Illinois who was previously employed as a police officer by the Chicago Police Department.

9. The Defendant, City of Chicago, is a municipal corporation organized and existing under the laws of the State of Illinois. The Defendant was, at all relevant times, the employer of Plaintiff.

10. The Defendant, and the Chicago Police Department, are employers within the meaning of 29 U.S.C. §203(d).

## BACKGROUND

11. On February 19, 1985, the Supreme Court held in *Garcia v. San Antonio Metropolitan Transit Authority*, 105 S.Ct. 1005 (1985) that the FLSA applies to state and local employees. On November 13, 1985, the FLSA Amendments of 1985, (Public Law 99-150) was enacted. The FLSA Amendments of 1985 adjusted the provisions of the Act specifically to the concerns of public employees. Under the 1985 Amendments, liability for compliance with the FLSA became applicable to the Chicago Police Department on April 15, 1986.

## FACTS OF THE FLSA CLAIM

12. Plaintiff previously worked for the Chicago Police Department and was compensated on an hourly basis while employed by Defendant.

13. As a Patrol Officer, Plaintiff would normally have been paid a D-1 salary rate. However, since 2006, Plaintiff was directed to perform substantially all the duties and assume substantially all the responsibilities of a D-2 salary position Police Technician. Accordingly, Plaintiff was paid at the higher D-2 salary rate from 2006 until his retirement in 2009.

14. Pursuant to FLSA 29 U.S.C. § 207(a)(1), Defendant violated FLSA overtime requirements by failing to provide correct compensation to Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed.

15. The Chicago Police Department knew that Plaintiff performed work that required payment of Grade D-2 wages and overtime compensation and regularly paid him those wages for his regular hours worked, but paid Plaintiff at the lower D-1 wage rate for all his FLSA overtime hours.

16. The Chicago Police Department's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused damages to Plaintiff.

## CAUSE OF ACTION

17. The foregoing conduct of Defendant is in violation of the rights of Plaintiff under the Fair Labor Standards Act of 1938, as amended.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Award Plaintiff monetary damages in the form of overtime compensation and liquidated damages equal to the unpaid overtime compensation at the D-2 wage rate, plus interest;

B. Award Plaintiff his reasonable attorney's fees, costs and expenses, to be paid by Defendant; and

    C.    Grant such other relief as may be just and proper.

        Respectfully submitted,

        *s/ Paul D. Geiger*
        Paul D. Geiger

Law Offices of Paul D. Geiger
1412 W. Washington Blvd.
Chicago, IL 60607
312-733-7776
ARDC# 6210743