**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DENNIS HUGHES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 10 C 7765** |
| v. ) | **Judge Lefkow** |
| ) | **Magistrate Judge Valdez** |
| **CITY OF CHICAGO,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("Defendant" or "City"), by and through its undersigned attorneys, pursuant to FRCP 12(b)(6), respectfully requests that this Court dismiss Plaintiff's Complaint for the following reasons, and submits with this Motion, a memorandum of law, which Defendant fully incorporates herein:

1. Plaintiff, who is a retired Chicago Police Department patrol officer, seeks additional overtime compensation for all hours worked in excess of one hundred and seventy-one (171) hours in a twenty-eight (28) day work period under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* Compl. at ¶¶1, 3, 5. Specifically, Plaintiff claims that the City incorrectly calculated and paid his FLSA overtime compensation at a lower hourly rate than what he claims that he was entitled. Compl. at ¶17.

2. Plaintiff's Complaint should be dismissed, because Plaintiff does not set forth facts that he has any plausible cause of action entitling him to any additional FLSA overtime compensation, because the City can use the non-FLSA premium overtime compensation Plaintiff earned under his collective bargaining agreement ("CBA"), as a credit that would negate any alleged FLSA liability that Plaintiff claims here. 29 U.S.C. 207(h); 29 CFR §§778.200 through 778.206. Therefore, with the credit that is attributable to all of the non-

FLSA extra premium compensation that Plaintiff would receive under the CBA for working up to the 171 hour threshold, Plaintiff already would have been fully compensated for the additional $1.02 per hour he claims that he was shorted for any FLSA overtime hours.

3. Plaintiff's claims also should be dismissed, because determining whether the City correctly calculated Plaintiff's hourly rate of pay for purposes of calculating his FLSA overtime, cannot be resolved without an analysis of the parties' collective bargaining agreement. Plaintiff's overtime claim is based on whether his FLSA overtime compensation rate should have been at the regular patrol officer D-1 salary rate or approximately $1.02 higher, at the D-2 rate that he was being paid for performing "work out of grade" in accordance with the CBA. "Work out of grade" and what an officer is paid for such time are defined by the CBA. Therefore, this is not a case where the Court could just look at the CBA to acquire the wage rates and apply them to the hours worked. Here, a decision in this case would involve a determination as to whether Plaintiff was performing D-1 or D-2 duties at the time that he worked the FLSA overtime hours. Next, the CBA would have to be analyzed to determine what credits would be given to offset any FLSA overtime liability. Therefore, such a claim should be resolved under the applicable grievance and arbitration provisions of the CBA. Leahy v. City of Chicago, 96 F.3d 228 (7th Cir 1996), and Jonites v. Exelon Corp, 522 F.3d 721 (7th Cir. 2008).

4. To avoid dismissal, Plaintiff's claim must be plausible on its face and the complaint must contain allegations which allow "the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-1950 (2009); Bissessur v. Indiana University Board of Trustees, 581 F.3d 599, 602-604 (7th Cir. 2009); Garth v. City of Chicago, 2009 U.S. Dist. LEXIS 92779 (N.D. Ill. 2009). "Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." Iqbal,

129 S.Ct. at 1940 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)); <u>C & G Trucking, Inc. v. Will County</u>, 2010 U.S. Dist. LEXIS 19429 (N.D. Ill. 2010). As argued above, the CBA establishes that Plaintiff's mere allegation that he worked beyond 171 hours is simply not enough to state any plausible claim that he is entitled to any overtime compensation under the FLSA in this case.

   5. In further support of this Motion, Defendant submits a Memorandum of Law, which Defendant simultaneously files with this Motion.

   WHEREFORE, for all of the reasons set forth above and its Memorandum of Law, which is fully incorporated herein, Defendant, City of Chicago, respectfully requests that this Honorable Court grant its Motion to Dismiss and dismissed Plaintiff's Complaint with prejudice.

Dated: March 10, 2011

               Respectfully submitted,

               s/ Jennifer A. Naber
               One of the Attorneys for Defendant City of Chicago

Joseph M. Gagliardo (0901989)
Jennifer Naber (6197465)
Heather R.M. Becker (06280584)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800 (telephone)
(312) 467-9479 (facsimile)

4

## **CERTIFICATE OF SERVICE**

Jennifer A. Naber, an attorney, hereby certifies that she caused the Defendant's Motion to Dismiss Plaintiff's Complaint, with supporting Memorandum of law, in the above-captioned matter to be served via the electronic filing system to the Clerk of Court, and via the electronic filing system to the parties of record listed below, on this 10th day of March 2011, addressed to:

Paul D. Geiger
Law Offices of Paul D. Geiger
1412 W. Washington Blvd.
Chicago, Illinois 60607

s/ Jennifer A. Naber
Jennifer A. Naber