# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7765 | **DATE** | 1/25/2012 |
| **CASE TITLE** | Hughes vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

The City's motion to dismiss [#15] is denied. Defendant is directed to answer the complaint. A scheduling conference will be held in this case on February 16, 2011 at 8:30.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

    Dennis Hughes, a retired Chicago police officer has filed a single-count complaint against the City of Chicago claiming that for a three-year period the City failed to pay him for overtime work as required by the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §§ 201 *et seq*. (FLSA). He alleges that from 2006 until his retirement in 2009 he worked at a Grade D-2 pay rate, but his overtime was calculated at a D-1 pay rate, resulting in underpayment for every hour of overtime he worked. He seeks judgment for the pay wrongfully denied, statutory liquidated damages in an equal amount, attorney's fees, and costs. The City of Chicago has moved to dismiss. It argues (1), that all amounts due under FLSA have been paid to plaintiff; and (2), this dispute arises under a collective bargaining agreement (CBA) and must be resolved through the CBA's grievance-arbitration process.[1]

    For the purpose of a Rule 12(b)(6) motion, the court takes as true all well-pleaded facts in a plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977–78 (7th Cir. 1999). Factual allegations must, however, be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-236 (3d ed. 2004)); *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("*Twombly* expounded the pleading standard for all civil actions . . . ." (internal quotation marks omitted)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    Under section 7(a) of the FLSA, an employer must pay non-exempt employees who have worked more than forty hours during any work week at a rate of at least one and one-half times the employee's

**STATEMENT**

regular rate. 29 U.S.C. § 207(a)(1). Under section 7(k), however, for employees working in law enforcement activities, the overtime requirement arises when an officer has worked more than 171 hours in a designated 28-day work period. 28 U.S.C. § 207(k)(1); 29 C.F.R. § 553.230©; *see Leahy* v. *City of Chicago*, 96 F.3d 228, 230 (7th Cir. 1996); *Nolan* v. *City of Chicago*, 125 F. Supp. 2d 324, 327 (N.D. Ill. 2000). "The Chicago Police Department operates under section 7(k)'s exemption." *Leahy*, 96 F.3d at 230.

Article 20 of the CBA provides that an officer will receive a one and one-half pay rate once the officer has worked eight hours in a day or forty hours in a week. [Dkt. #16-2.] This means that in any given 28-day period an officer could receive more overtime pay than is required by FLSA. The City contends that the FLSA allows it to credit this differential against plaintiff's FLSA overtime wages and, with those credits, plaintiff is entitled to nothing. *See* 29 U.S.C. § 207(e) (5), (6), & (7); 29 U.S.C. § 207(h)(2).

Plaintiff has alleged that he has not been fully paid his FLSA overtime, stating the factual basis for why he believes he was underpaid: during the years at issue he regularly worked more than 171 hours during a 28-day period and was paid overtime based on a lower hourly rate than his hourly pay rate. (Compl. ¶ 5.) On a motion to dismiss, the court must accept this as true. Moreover, determination of whether plaintiff's compensation was paid under section 207(e)(5), (6), or (7), entails issues of fact. The amount of FLSA overtime worked for each 28-day period and the amount of available credit are issues of fact. For these reasons, the court is unable to conclude based on the complaint alone that plaintiff is entitled to no relief.

For its second argument, the City contends that plaintiff's overtime wages and applicable FLSA credits are matters to be decided under the terms of the CBA. It suggests that it will be necessary to interpret the CBA to ascertain whether plaintiff's overtime work on a day-by-day basis was D-1 or D-2 work. Therefore, the City argues, *Jonites* v. *Exelon Corp.*, 522 F.3d 721 (7th Cir. 2008), and *Leahy* demonstrate that proceeding under the CBA's grievance-arbitration procedures is appropriate here.

In *Leahy*, Chicago police officers claimed that restrictions imposed on their lunch breaks made those breaks compensable under FLSA. 96 F.3d at 231. The court affirmed summary judgment for the City, finding that because the collective bargaining agreement "clearly states" that an officer who works eight hours plus meal time is entitled to overtime pay, FLSA requirements were inevitably met. *See id.* at 232. "The FLSA requires no more." *Id.* As a result, and because each officer's situation would be different, the court required the officers to pursue their claims through the collective bargaining agreement's grievance procedure.[2]

*Jonites* addressed whether FLSA required hourly workers at Com Ed to be paid during their lunch breaks and days off because they could be "called out" at any time for emergency work. 522 F.3d at 722. The court defined the issue as "whether the district court was right to find that the rules implementing [the requirement] do not violate the [FLSA]." *Id*. at 723. Ultimately, however, the court decided that the plaintiffs were not a proper class. The court described the class as similar to the "special" situation of *Leahy*: "hopelessly heterogeneous."[3] *Id*. at 725. It announced that, unless plaintiffs were to file proper "homogeneous" class action claims or individual suits, "their only recourse [was] to ask the union to file grievance proceedings under the [CBA]." *Id*. at 726. Acknowledging that a union may not waive or compromise an individual's statutory rights, the court stated that the arbitrator could be required to comply with FLSA in its award and if it did not, the award would be set aside. *Id*.

The instant case is not a class action like *Jonites* and *Leahy* and not a "special case" for any reason. It is a simple, individual FLSA claim. To send plaintiff to arbitration would be to follow *Leahy*'s rejected doctrine that "when a CBA protects all rights guaranteed by the FLSA, the CBA effectively displaces the

**STATEMENT**

FLSA." *Chavez*, 2010 WL 1417029, at *4. The motion to dismiss and stay in favor of arbitration must be denied.

1. The City attaches to its motion a copy of the applicable CBA, asking the court to take judicial notice of it. Plaintiff's response to the motion does not object to this request and for purposes of resolving this motion, the court takes judicial notice of the document. *See Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) ("Judicial notice of . . . documents contained in the public record . . . is proper." (citations omitted)); *id.* ("A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." (citations omitted)).

2. This decision evoked a sharp dissent which pointed out, *inter alia*, that "there is no abstention doctrine that tells us to abstain in favor an arbitrator." *Leahy*, 96 F.3d at 234 (Cudahy, J., dissenting). "In fact, the Supreme Court has held that a worker may pursue a remedy under the FLSA even after *losing* a grievance arbitration." *Id.* (emphasis in original) (citing *Barrentine v. Arkansas-Best Freight System, Inc*., 450 U.S. 728, 740, 101 S. Ct. 1437, 1444 (1981)). *Jonites* limits *Leahy* as "a special case" because of its "hopelessly heterogeneous" class. 522 F.3d at 725. Judge Aspen in *Chavez* v. *Don Stoltzer Mason Contractor, Inc.*, Case No. 10 CV 264, 2010 WL 1417029, at *4 (N.D. Ill. Apr. 5, 2010) describes *Leahy* as "no longer good authority" for the argument that "when a CBA protects all rights guaranteed by the FLSA, the CBA effectively displaces the FLSA."

3. "The plaintiffs in *Leahy* wanted us to rule that 'since some [police] officers on some days miss all or part of their meal periods' because they are required to work then, 'all meal periods [are] compensable work.' The plaintiffs in this case want us to rule that because some Com Ed employees may sometimes do some work at lunch, all Com Ed employees are entitled to pay during their lunch break . . . . It is that argument, rather than the rejection of the same argument in *Leahy,* that is preposterous." *Jonites*, 522 F.3d at 725 (internal citation omitted).